**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**JACKSON DIVISION**


SCOTT HAUER                                                        PLAINTIFF

V.                                        CIVIL ACTION NO. 3:05-cv-541 HTW-LRA

AMERICAN PUBLIC LIFE INSURANCE
COMPANY                                                          DEFENDANT


**MEMORANDUM OPINION ORDER**


Before the court is a motion for summary judgment brought by defendant

American Public Life Insurance Company (hereinafter "APIC") [docket # 25].  Defendant

contends that plaintiff's claim for breach of employment contract is barred by the

relevant statute of limitations, and by waiver.  Defendant further argues that the express

terms of the employment contracts between the parties bar any recoverable claim by

plaintiff.

Plaintiff first filed suit in the Circuit Court of Rankin County, Mississippi, on

August 3, 2005.  Defendant timely removed this lawsuit from that state court to this

court on September 6, 2005, asserting federal subject matter jurisdiction under Title 28

U.S.C. § 1332[1], § 1441[2] and § 1446.[3]  This court finds that diversity of citizenship[4] exists and the requisite amount in controversy, namely $75,000, exclusive of costs and interest, is met;  therefore, this court may properly assert jurisdiction over this lawsuit.

## I.  Factual And Procedural Background

The relevant facts are undisputed.  The parties entered into a written agent contract in 1984.  Defendant is in the business of providing life and health insurance policies.  Pursuant to their written contract, plaintiff was to "secure applications for [APIC-issued] policies . . ., to collect initial premiums, to deliver policies, and to perform services as are necessary to handle business properly."  *See* General Agent Agreement.  Plaintiff Hauer has operated as a managing general agent of defendant APIC since that time.

During this time period, defendant has paid plaintiff commissions based on the rate at which the initial policy was sold.  The parties agree that the contract does not expressly address policy rate increases, that is the payment of renewal commissions on premium increases after the sale of a policy, and that at least as early as 1995, Hauer

---

[1]Title 28 U.S.C. § 1332 provides the United States district courts with original jurisdiction over "all civil actions where the amount in controversy exceeds $75,000, exclusive of interest and costs, and is between - (1) citizens of different States."

[2]Title 28 U.S.C. § 1441(a) permits a defendant in any civil action brought in a State court, and over which the district court of the United States could exercise original jurisdiction, to remove the case to the district court "embracing the area where such action is pending."

[3]Title 28 U.S.C. § 1446 sets out the procedure by which a defendant in a State court action may file to remove the action to the United States district court within which the action is pending.

[4]Plaintiff Scott Hauer is a resident of Rankin County, Mississippi, whereas defendant American Public Life Insurance Company is a corporation organized and existing under the laws of the state of Oklahoma.

contended that commissions should be adjusted to reflect policy rate increases.  In January, 2001, the parties executed a new employment contract which expressly provided that increases in rate premiums were not commissionable.  Plaintiff's claim is for the commissions paid on policies which had rate increases under the earlier contract.

Plaintiff first brought suit in August, 2005, approximately ten years after first objecting to the amount of commission paid him under his employment contract.  During those years, Hauer continued to work and to accept commission payments based upon the original premium rates, without taking any action to enforce his alleged right to commissions on increased premiums.  It is undisputed that during that time period, Hauer was aware of lawsuits brought by other agents regarding this same issue of commissions payments.  Hauer's deposition testimony clearly shows as much:  that Hauer knew of earlier lawsuits; and that he made a strategic decision to wait and see if other agents were successful in their lawsuits before taking any action on his own behalf.

APIC now asserts that this ten-year delay in pursuing legal redress, during which time Hauer has continued to work and accept payment under the contract he now seeks to litigate, affords APIC the defenses of waiver and the applicable statute of limitations.  APIC further asserts that the express language of the contract itself precludes recovery.

## II. LAW AND ANALYSIS

### A. Summary Judgment

Defendant seeks summary judgment pursuant to Rule 56(b)[5] and (c).[6]  The

jurisprudence of Rule 56[7] is clear:  any party may move the court for a judgment in its

favor if the material facts are undisputed and if the applicable law directs a verdict for

the movant.  *Am. Home Assurance Co. v. United Space Alliance*, 378 F.3d 482, 486

(5th Cir. 2004).  The court's first task when faced with a Rule 56 motion is to determine

whether any material facts are in dispute.  *Id*.  If, as in this matter, no disputed material

facts are featured, the court next turns to the applicable law, which is applied to the

evidence viewed in a light most favorable to the non-movant.  *Lee v. Golden Triangle

Planning & Dev. Dist., Inc.*, 797 So.2d 845, 847 (Miss. 2001).

### B. Governing Law

Since this court has subject matter jurisdiction over this dispute under § 1332,

diversity of citizenship, this court, guided by *Erie R.R. Company v. Tompkins*, 304 U.S.

64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), applies here the law of Mississippi.  Matters of

waiver would also be within this embrace.  See *Ingalls Shipbuilding v. Federal

Insurance Co.*, 410 F.3d 214 (5th Cir. 2005) (applied state law in diversity case to

---

[5]Federal Rule Civil Procedure 56(b) permits a defendant to move, at any time, for a summary judgment in that party's favor as to any or all claims asserted.

[6]Federal Rule Civil Procedure 56( c) renders summary judgment appropriate where "there is no genuine issue as to any material fact, and []the moving party is entitled to a judgment as a matter of law."

[7]Fed. R. Civ. Proc. 56 provides that a party may move for "a summary judgment in the party's favor as to all or any part" of the claim(s) asserted; and that summary judgment by the court is proper if "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

4

issues of breach of contract and defense of waiver); *Shaw Constructors v. ICF Kaiser Engineers, Inc.*, 395 F.3d 533 (5th Cir. 2004)(applied state law in diversity case to waiver of contract).

Similarly, this court also consults and applies the relevant statute of limitations to a state law claim when this court is sitting in diversity. *Walker v. Armco Steel Corp.*, 446 U.S. 740, 751, 100 S.Ct. 1978, 1985 (1980); *Guaranty Trust Co. of NY v. York*, 326 U.S. 99, 110, 65 S.Ct. 1464, 1470, 89 L.Ed. 2079 (1945)("If a plea of the statute of limitations would bar recovery in a State court, a federal court ought not to afford recovery."); *Boone v. Citigroup, Inc.*, 416 F.3d 382 (5th Cir. 2005)(Mississippi's three (3) year statute of limitations applied in diversity suit to bar recovery).

### III.  Waiver

The court next examines defendant's waiver argument. In the 1984 contract between the parties, paragraph 13, Reports on Account, Hauer agrees to "furnish the Company with all material information regarding any matters on the account that [he] deems to be incorrect" and "to furnish such information within thirty days of receipt of the copy of its account from the Company," meaning the monthly statement.

The parties do not dispute that Hauer, at various times, verbalized his bare disagreement with the company's decision to base payments on the original premium rate without adjustments for subsequent rate increases.  Hauer now characterizes this as a breach of contract, and disputes APIC's interpretation of the contract.  This court, however, has been provided no evidence that he [Hauer] ever furnished information to APIC to support his claim for increased payments, or made any formal objection to the

policy.

Hauer contends that his alleged inaction and continued acceptance of payment do not constitute a waiver of any claim for breach of contract, relying upon *Liston v. Home Ins. Co.*, 659 F. Supp. 276 (S.D. Miss. 1986), for the premise that mere inaction or passage of time under a contract does not constitute waiver.  That case dealt with a claim of tortious interference by a defendant not party to the contract.  In *Liston*, an attorney entered into a contract to represent a plaintiff in a civil suit.  Subsequent to this, and with notice of the representation, the defendant insurer negotiated settlement directly with the plaintiff without the attorney's knowledge.  The attorney sued, and the defendant raised the attorney's three-year inattention to the lawsuit as a defense.  The court found that the mere inaction of the attorney in pursuing the lawsuit did not infer a waiver of his rights under the employment agreement with the plaintiffs.

Plaintiff also cites to *Matheny v. McClain*, 161 So. 2d 516 (Miss. 1964), in arguing that his acceptance of payment should not act as a bar to subsequent suit under the contract.  The plaintiff employees in *Matheny* were given an involuntary pay cut which they alleged was a breach of contract.  After registering an immediate objection and resigning under protest, the employees reluctantly accepted the decreased payment for those hours already worked prior to notification of the decrease.

Mississippi law speaks clearly to the dispute *sub judice*.  To establish waiver, a movant must show an act or omission which evidences an intentional and voluntary surrender of a right.  *Brent Towing Co., Inc. v. Scott Petroleum Corp.*, 735 So.2d 355, 359-60 (Miss. 1999)(finding waiver where party, with knowledge of breach, accepted

6

payments under the contract);  *Robinson v. State*, 345 So.2d 1044, 1045 (Miss. 1977) (quoting *Johnson v. Zerbst*, 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461, 1466 (1938) in describing nature of waiver as "ordinarily an intentional relinquishment or abandonment of a known right or privilege); *Tower Underwriters v. Culley*, 211 Miss. 788 (Miss. 1951)(holding that waiver of contractual term may be express or implied); *Moore v. Yazoo & M.V.R. Co.*, 166 So. 395 (Miss. 1936)(acceptance of substituted contract after breach of original contract waives breach).  *See also Fletcher v. U.S. Restaurant Properties, Inc.*, 881 So.2d 333, 338 (Miss. App. 2004) (finding no waiver where party was initially unaware of the breach and took immediate action upon gaining notice);  *Taranto Amusement Co., Inc. v. Mitchell Assoc., Inc.*, 820 So.2d 726, 730 (Miss. App. 2002)(Mississippi law requires an act or omission as evidence of a knowing an intentional surrender of the right allegedly waived).

Here Hauer verbally objected when he did not receive payment adjustments to reflect premium rate increases.  After APIC voiced a policy which relied on a contract interpretation contrary to his own, Hauer, however, continued to work and accept ongoing payments for nearly ten years under that interpretation.  The court finds that Hauer's knowing, intentional, and voluntary acts of continuing employment and accepting payments, coupled with the omission of not filing a written objection as required by the contract, falls well within the bounds of waiver.  The cases relief upon by Hauer are inapposite.  *Liston* does not present a clear factual scenario of equating inaction to waiver, and *Matheny* does not present continued employment and performance under the contract after the alleged breach.  The facts here plainly show

an intentional forbearance by plaintiff to lodge a proper protest and/or to file suit.

## IV.  <u>STATUTE OF LIMITATIONS</u>

Under Mississippi law, the applicable statute of limitations is three (3) years, a period of time clearly exceeded here.  Plaintiff had knowledge of this dispute in 1995.  He waited until August 03, 2005, to file suit.

The jurisprudence of a statute of limitations is clear: the primary purpose is to compel the exercise of a right of action within a reasonable time.  *Harrison Enterprises, Inc. v. Trilogy Communications, Inc.*, 818 So.2d 1088, 1095 (Miss. 2002); *Rawson v. Jones*, 816 So.2d 367 (Miss. 2001).  Such statutes recognize that "valid claims will be promptly pursued" and are thus designed to suppress false claims or the assertion of stale claims, where "evidence has been lost, memories have faded, witnesses are unavailable, or facts are incapable of production because of the lapse of time."  *Id.* (quoting *Miss. Dept. of Public Safety v. Stringer*, 748 So.2d 662, 665 (Miss. 1999)).

Courts have applied the doctrine of estoppel sparingly to the running of a statute of limitations, upon a showing of inequitable or fraudulent conduct.  The Mississippi Supreme Court denied summary judgment in *Trosclair v. Mississippi Dept. of Transportation*, 757 So.2d 178, 181 (Miss. 2000), finding a material question as to whether plaintiffs had reasonably relied on misrepresentations by defendant.  In *Harrison Enterprises*, 818 So.2d at 1096, *supra*, the court found that a letter promising payment induced plaintiff to delay suit, and further, that concerns such as lost evidence or unavailable witnesses were simply not present.  Absent evidence of intent to mislead or delay, even a "harsh impact and strong equitable considerations" will not suffice to

8

warrant estoppel. *Ray v. Keith*, 859 So.2d 995, 998 (Miss. 2003)(burden is on plaintiff to exercise due diligence and ascertain the statute of limitations).  See also *Southern Win-Dor, Inc. v. RLI Ins. Co.*, 925 So. 2d 884, 887 (Miss. App., 2005)(no estoppel where plaintiff relied on a letter from a surety that a claim was preemptively denied, but presented no evidence of intent to mislead); *Patrick v. Shield*, 912 So.2d 1114 (Miss. App. 2005) (no estoppel where the statute of limitations ran while the parties negotiated a possible settlement but defendant made no misrepresentations regarding the statute of limitations).  Plaintiff's conduct here cannot squeeze into any of these exceptions.

Therefore, this court additionally finds that plaintiff's lawsuit is barred by Miss. Code Ann. §15-1-49, which provides that "[a]ll actions for which no other period of limitations is prescribed shall be commenced within three (3) years next after the cause of action accrued, and not after."  Written contracts fall within this category.  *Levens v. Campbell*, 733 So.2d 753, 758 (Miss. 1999).

## V.  <u>CONCLUSION</u>

Therefore, finding that Hauer has waived any claim for breach of contract, this court is persuaded to grant defendant's motion for summary judgment on this waiver ground.  The court is also persuaded by defendant's alternative argument based upon the statute of limitations.  This court, therefore, dismisses this lawsuit in its entirety.  All other motions pending in this case are moot.  The court will enter a Final Judgment in accordance with the local rules.

SO ORDERED, this the 20th day of March, 2007.

s/ HENRY T. WINGATE
CHIEF UNITED STATES DISTRICT JUDGE

CIVIL ACTION NO. 3:05-cv-541 HTW-LRA